## Hosie and Longstreet *versus* Gray.

1. A coal-lease mortgage, payable in instalments, provided that if any instalment be overdue, &c., the whole should be collectable and a scire facias might issue as if all "had been due for a year and a day," *held*, that a scire facias might issue although there was no provision for issuing a scire facias in the Act of April 5th 1853, authorizing mortgages of coal-leases.

2. The scire facias issued September 3d 1867, the Act of April 3d 1868 gave the same remedies on coal-lease mortgages as on others, and validated such proceedings previously commenced. *Held*, that this validated the proceeding if otherwise invalid.

3. The Act of 1853 required a coal-lease mortgage to be recorded within five days after execution; it was not recorded till after that time. *Held*, the mortgage was binding as between mortgagor and mortgagee.

4. In a scire facias on a mortgage, payable by instalments, the præcipe

described it as making all due upon default in one instalment: this was omitted in the writ. *Held*, that if error, it was clerical and amendable by the præcipe.

5. In suit on a mortgage given for the purchase-money of an interest in a coal-lease, *Held*, that evidence of a parol award in relation to the purchase was inadmissible by defendant unless he had offered to perform the award and demanded performance by mortgagee.

6. As inducement to purchase the lease, the mortgagee agreed to advance $20,000, and become a silent partner. *Held*, in a suit on the mortgage, that the rejection of evidence that the mortgagee refused to make the advance, there being no specific injury incurred on account of the refusal shown, did the defendant no harm, as at most he could have been allowed but nominal damages.

March 8th 1872. Before Thompson, C. J., Sharswood and Williams, JJ. Agnew, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county*: No. 290, to January Term 1871.

This was a scire facias on a coal-lease mortgage, issued September 3d 1867, at the suit of Alexander Gray, Sr., and Alexander Gray, Jr., for the use of Alexander Gray, Sr., against John Hosie and Samuel P. Longstreet.

The præcipe (which set out the mortgage *ipsissimis verbis*) described a coal-lease mortgage from the defendants to the plaintiffs, dated June 22d 1865, recorded in Coal Lease Mortgage Book, &c., on a coal-lease from the Catawissa Railroad Company to the plaintiffs and defendants, dated March 4th 1865, for 15 years, the right of the plaintiffs to which, on the day of the date of the mortgage, the plaintiffs had sold to the defendants for $62,050, payable in instalments, the first on the 22d of June 1866, and on the same days in each successive year until paid, the mortgage being given to secure the purchase-money, with the proviso, " that whenever and so often as there shall occur any failure to pay any instalment of principal for a period of thirty days after the same falls due, as hereinbefore mentioned, and provided the whole amount of principal secured hereby with all interest that may have accrued thereon, shall thereupon for purposes of suit become due and collectable, and that a scire facias may thereupon forthwith issue upon this mortgage, to have the same force and effect as though the whole amount of said principal and interest had been due for a year and a day," the defendants having paid the instalment due June 22d 1866, and that it was assigned to Alexander Gray, Sr.

The writ of scire facias did not contain the proviso above stated.

The defendants pleaded accord and satisfaction, and payment with leave, &c.

After the case was called for trial, December 27th 1870, before Ryon, P. J., the defendants by leave of the court, filed a special plea, viz. :—

" * * * That the writ of scire facias issued in this case is not

[Hosie *v.* Gray.]

upon any mortgage of lands, tenements and hereditaments, but upon a certain coal-lease mortgage, of mining rights claimed and owned by the same defendants, and which said coal-lease mortgage is recorded only in a certain special Mortgage Book in Schuylkill county aforesaid, known as and called by the provisions of a certain Act of Assembly entitled An act to authorize mortgages of coal-leases in Schuylkill county, approved the 5th day of April, A. D. 1853, 'Coal-Lease Mortgage Book.' That the said mortgage was made, and recorded only pursuant to the provisions of said act, and not otherwise, and that no provision is made or given by said act for any proceedings by writ of scire facias thereon, and that such coal-lease mortgage book is not a record upon which, by law, any writ of scire facias may issue, and this the defendants say they are ready to verify."

The plaintiff demurred to the plea.

December 28th 1870, the court gave judgment for the plaintiffs on the demurrer and overruled the plea.

The plaintiff gave in evidence a lease dated March 4th 1864, from the Catawissa Railroad Company to the plaintiffs and defendants for the coal-lease and appertenances mentioned in the mortgage described in the præcipe : it was stipulated in the lease that the lessees should not sell or transfer the lease to any person without the written consent of the lessees; it was recorded June 29th 1865.

Assignment : plaintiffs to defendant mentioned in mortgage in the præcipe, with the written consent of the railroad company attached.

The plaintiffs offered the mortgage recorded June 29th 1865.

The defendants objected ; because being a coal-lease mortgage no lease was recorded with the mortgage ; and no scire facias would lie on a mortgage thus recorded ; because the mortgage does not conform to the scire facias; does not show that any default had occurred ; and because the mortgage was not recorded within five days as required by Act of April 3d 1853.

The court admitted the evidence and sealed a bill of exceptions.

The plaintiffs asked leave to amend the writ to make it conform to the præcipe; the court allowed the amendment against the objection of the defendants and sealed a bill of exceptions.

The defendants then offered to prove that a part of the consideration for the present and another mortgage given by defendants to plaintiffs was the stipulation by Alexander Gray, Sr., that if the defendants would purchase the interests of plaintiffs in the coal-leases described in said mortgages, he would advance or loan to the defendants the sum of $20,000 to enable them to develop the property described in the leases; that the property was unproductive at the time and required further large expenditures to make it productive; that it was a part of the contract of purchase

[Hosie v. Gray.]

by the defendants of the interest of plaintiffs in said coal-leases; that the said Alexander Gray, Sr., should advance or loan said $20,000, and look exclusively to the profits arising from the future working of the colliery to be created under said leases; that after the sale and execution of the mortgages, the said Alexander Gray, Sr., refused to loan or advance said $20,000, as he had agreed, or any part thereof; that in consequence of such refusal, the defendants were subjected to great delays and losses. That after this suit was brought, but before any suit brought on the other mortgage, the plaintiffs and defendants agreed to submit all matters in variance between them and also sundry propositions made by the plaintiffs to defendants, and counter propositions made by defendants to plaintiffs having reference to a mode of settling and discharging said mortgages to M. P. Hutchinson, Esq. That the respective parties made a full submission as aforesaid to said Hutchinson, with the stipulation that his decision should be final and conclusive; that thereupon the said Hutchinson made an award, which was communicated to said plaintiffs, who thereupon declared their concurrence and satisfaction with said decision; that it was a part of said award that the said plaintiffs should enter satisfaction upon said mortgages. The remainder of said decision was that the said defendants should accept Alexander Gray, Sr. (who was then the sole owner of the mortgages), as a silent partner for one-fourth interest in the profits of the colliery created under said coal-leases, and then worked by the said defendants, upon the said Alexander Gray, Sr., paying to said Hosie and Longstreet the sum of $15,000; that the said Gray, after having agreed to abide by said award of the referee aforesaid, refused to pay said $15,000 or any part thereof, and refused to become interested in said profits as aforesaid, but in violation of the terms of said submission and said award, brought suit upon the other mortgage, and has ever since been pressing it and this suit to trial; that this award of the referee was made in November 1867, and that all that was decided or passed upon by the referee was strictly within the terms of submission and the matters referred to him.

The first part of the offer is to show that there were matters in controversy, and to show a consideration for the submission to the referee.

The latter part is to show that the mortgage in suit has been discharged pursuant to said submission and the award of the referee.

The plaintiffs objected to the offer.

It was rejected by the court and a bill of exceptions sealed.

In rejecting the evidence the court gave the following opinion:

"The first part of this offer is made to show a controversy between the parties as a consideration for the agreement of submission. It is not material to show a consideration. An agreement to submit all questions is good without a consideration, but is the

[Hosie *v.* Gray.]

award as proposed to be proved a binding award? It does not ascertain the rights of the parties under the mortgage, nor pretend to adjust the rights of the plaintiff growing out of the mortgage. It appears the plaintiff made one proposition to the defendants, and the defendants made one to the plaintiff. These propositions were not based upon the mortgage as a claim, but looked to the future working of the colliery, upon joint account of the plaintiffs and defendants. The award was not to ascertain the rights of the parties as to the mortgage, and other questions growing out of that and their other dealings, but was that the plaintiff should become a partner, satisfy his mortgages and pay defendants fifteen thousand dollars. This does not seem to us an award in any legal sense. It is a contract and to be binding must have the consent of the parties. The fact that the plaintiff said he was satisfied with the award does not make an acceptance of the defendants' offer, nor does it become an offer by plaintiff to defendants. It is in effect a recommendation of the referee to the parties that they settle upon certain terms which he proposed, and these terms do not appear to have been carried out by either party. It is quite clear that such an award is not good at common law for two reasons. One we have already suggested that the award does not make a final account or settlement between the parties, but proposes terms in the nature of a contract which requires the parties to consent to the terms of the award.

" And the other reason is that the award is uncertain, as to the time the plaintiff is entitled to participate in the profits, and the time for the payment of the fifteen thousand dollars, and therefore is void for uncertainty.

" Whether this is a sufficient equity to prevent the plaintiff from recovering upon the mortgage, even though the award is not valid as an award, is a question of some difficulty, but we incline to the conclusion, that as the award is not such an award as can be enforced, the parties remain unaffected by it."

There were other offers of evidence by the defendants which were overruled by the court below, and exceptions to the decisions sealed.

The opinion of the Supreme Court makes it unnecessary to state them.

The court charged that the plaintiffs were entitled to recover.

The jury found for the plaintiffs $63,022.11.

The defendants took out a writ of error. They assigned for error:—

Overruling their special plea on the demurrer.

The admission of the mortgage.

The rejection of the defendant's offer of evidence.

Allowing the plaintiffs to amend the scire facias.

Charging that the plaintiffs were entitled to recover.

The Act of April 3d 1868, Pamph. L. 57, provides that mort-

[Hosie v. Gray.]

gagees of coal-leases shall have the same remedies as other mort-
gagees, and such proceedings theretofore instituted should be valid.

*F. G. Farquhar* and *F. W. Hughes*, for plaintiffs in error.—
The scire facias should set out everything necessary for a recovery
with the accuracy of a declaration: Kean *v.* Franklin, 5 S. & R.
147 ; Umberger *v.* Zearing, 8 Id. 163 ; Arrison *v.* Commonwealth,
1 Watts 374.    They cited also Act of April 5th 1853, Pamph. L.
195, which authorizes recording of coal-leases in Schuylkill county
in a "Coal-Lease Mortgage-Book" within five days after their
execution, and requires that a copy of the lease shall be filed in
the recorder's office in one year.

*J. W. Ryan* and *L. Hakes* (with whom was *G. B. Nicholson*),
for defendants in error.

The opinion of the court was delivered, November 4th 1872, by
WILLIAMS, J.—There was no error in sustaining the demurrer to,
the special plea.    It was expressly agreed by the parties to the
mortgage, and made part thereof, that whenever and so often as
there should occur any failure to pay any instalment of principal,
for a period of thirty days after the same fell due, the whole
amount of principal secured thereby, with all interest accrued
thereon, should thereupon, for the purposes of suit, become forth-
with due and collectable, and that a scire facias might thereupon
forthwith issue, to have the same force and effect as though the
whole amount of said principal and interest had been due for a
year and a day.    Even if the defendants were not estopped from
denying the right of the plaintiffs to issue the writ, the Act of 3d
April 1868, Pamph. L. 57, provides that in all cases of mortgages
upon leasehold estates, the mortgagee shall have the same remedies
for collection thereof which mortgagees of real estate have under
the laws of this Commonwealth for the collection of such mort-
gages ; and all proceedings heretofore instituted for the recovery
of moneys secured by mortgages upon leasehold estates, in the
manner provided by law for the recovery of moneys secured by
mortgage upon real estate be and the same are hereby declared
valid.    This act clearly embraces the mortgage in controversy,
and there can be no doubt of the power of the legislature to pro-
vide the remedy, and to validate all proceedings by scire facias
upon such mortgages pending at the date of its passage.

Nor was there any error in allowing the mortgage to be given
in evidence.    If it would not have been good and available as
against subsequent purchasers, or execution-creditors, because it
was not recorded until seven days after its execution, instead of
being recorded within five days thereafter, as required by the Act

[Hosie *v.* Gray.]

of 5th of April 1853, Pamph. L. 295, it does not follow that it was void as between the mortgagors and mortgagees. An unrecorded mortgage is good between the parties, and a scire facias may issue on it. If the writ was defective in not reciting the provision in the mortgage, that upon the failure of payment of any instalment of principal, the whole debt secured thereby should forthwith become due and collectable, and that a scire facias might thereupon forthwith issue, it was a clerical error, amendable by the præcipe, which recited the provision in *totidem verbis*, and the court, therefore, properly allowed the amendment to be made on the trial. It did not change the cause of action, and it could not have operated as a surprise on the defendants.

The defendants' offer to prove the award made by Dr. Hutchinson between the parties was properly rejected, for the reasons given by the learned judge in overruling it. Even if the matter submitted to him was a proper subject of reference at common law, the defendants did not offer to perform the award on their part, nor demand its performance by the plaintiffs. It is clear, then, that they could not set up the alleged award as a bar to the action on the mortgage.

Nor was there any substantial error in overruling the defendants' offer to prove that A. Gray, Sr., proposed, as an inducement for the defendants to purchase the plaintiffs' interest in the coal-leases at the amounts of the mortgage respectively, and as a part of the bargain, that he would advance or loan to them $20,000, to be repaid out of the profits; and that after the execution of the mortgages he refused to make any part of said loan or advance. If the defendants had to make up that amount, and more too, as alleged, to place the mines under the leases in a working condition, they did not offer to show that they had incurred any expense in raising the money, or that they had borrowed it on less favorable terms, and if not, the refusal of the plaintiffs to advance the money did them no harm. The allegation that in consequence of this refusal the defendants were subject to great delays and losses, is too vague and indefinite to support the offer. If the defendants actually sustained delays and losses by the plaintiffs' refusal to make the loan, they should have been specified; without any specification of their nature and extent, the court was justified in treating the allegation as a mere make-weight, and rejecting the offer, if insufficient in other respects. If it had been proved precisely as made, the jury would not have been warranted in giving more than nominal damages for the plaintiffs' refusal to loan the money, and therefore its rejection did the defendants no such injury as calls for a reversal of the judgment.

There is nothing in the other offers of evidence made by the defendants that requires discussion or notice. It is enough to say that the court was clearly right in rejecting them.

[Hosie v. Gray.]

Nor was there any error in the charge of the court. As the defendants failed to show any defence to the mortgage, the plaintiffs were entitled to recover.

Judgment affirmed.